NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3016
_____

MARSHA M. BLISS-MILLER,
Appellant

v.

LABORERS INTERNATIONAL UNION OF NORTH AMERICA LOCAL 158;
ROBERT SLICK, Business Agent of Laborers Local Union 158
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:17-cv-01837)
Magistrate Judge: Hon. Karoline Mehalchick
_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2022

Before: HARDIMAN, RESTREPO and PORTER, *Circuit Judges*.

(Filed: November 17, 2022)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Marsha Bliss-Miller appeals the District Court's judgment for Laborers International Union of North America Local 158 and Robert Slick following a bench trial. We will affirm, essentially for the reasons stated by the District Court.

I

Local 158 operates a hiring hall that refers work to its members in eastern Pennsylvania. Robert Slick, business agent of Local 158, maintained the hiring list. When Local 158 had no members available to fulfill a work request, it referred work to "travelers" (non-Local 158 union members).

Appellant Marsha Bliss-Miller was a traveler because she was not a member of Local 158. When union jobs were plentiful in the pipeline industry in eastern Pennsylvania in 2011 and 2012, Bliss-Miller received two job referrals from Local 158. Following those jobs, she did not receive a referral from Local 158 for 11 months. Her last referral was in August 2013. Bliss-Miller later filed a sex discrimination charge with the Equal Employment Opportunity Commission. Bliss-Miller claimed that two similarly qualified male travelers, William Hardy and Andrew Hillard, were referred work from Local 158 through Slick during the same time that Slick told Bliss-Miller no work was available. The EEOC dismissed her charge.

Bliss-Miller then sued Local 158 and Slick in the District Court, alleging sex discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and retaliation under Title VII and 42 U.S.C. § 1981. She also sought punitive damages under § 1981. After a bench trial, the District Court found that Bliss-

2

Miller failed to establish discrimination or retaliation and entered judgment in favor of Local 158 and Slick.[1] *Bliss-Miller v. Laborers Int'l Union of N. Am. Loc. 158*, 2021 WL 4459127, at *8 (M.D. Pa. Sept. 29, 2021). Bliss-Miller appeals.

## II[2]

We review the District Court's findings of fact for clear error and conclusions of law de novo. *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 273 (3d Cir. 2010). The parties err to the extent they frame the issues as reviewable under the substantial evidence and abuse of discretion standards.

## A

To state a prima facie claim for sex discrimination, Bliss-Miller needed to show that she suffered an adverse employment action under circumstances suggesting discrimination. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). The District Court held that Bliss-Miller failed to state a prima facie claim because she could not establish such circumstances—namely, that a person outside her protected class with similar qualifications was referred for work. *Bliss-Miller*, 2021 WL 4459127, at *5.

On appeal, Bliss-Miller argues that evidence at trial "clearly established" that similarly qualified male travelers received work from Slick while Slick told Bliss-Miller

---

[1] The parties consented to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

no work was available. Bliss-Miller Br. 10, 13. Bliss-Miller cites Hardy's testimony that Slick referred him jobs in 2013, 2014, and 2015. But Hardy's trial testimony contradicted his deposition, in which he denied that Slick referred him work during the relevant time period. Cross-examination revealed Hardy received referrals through his stepfather and his own connections—not Local 158—for work. The District Court credited the cross-examination, as well as Slick's testimony, and found that Hardy acquired referrals independent of Local 158. *Bliss-Miller*, 2021 WL 4459127, at *3. Similarly, the District Court found that Bliss-Miller's other comparator, Hillard, was not referred work from Local 158 during the relevant time period. *Bliss-Miller*, 2021 WL 4459127, at *3.

The record reveals no clear error in the District Court's credibility determinations and subsequent findings of fact.[3] Given that Bliss-Miller's male comparators received referrals for work independent from Local 158, the District Court did not err in finding no circumstances suggesting discrimination.

Even if Bliss-Miller had established a prima facie case of discrimination, there were legitimate non-discriminatory reasons why she did not receive referrals. The record reveals a declining number of union jobs in the pipeline industry as of 2013 and that Local 158 members were considered for work assignments ahead of "travelers" like Bliss-Miller. There was also no pretext because Bliss-Miller did not demonstrate evidence of an alternative motive or discrimination. *See Fuentes v. Perskie*, 32 F.3d 759,

---

[3] We review credibility determinations for clear error. Bliss-Miller errs to the extent she argues for the more deferential standard we apply when reviewing summary judgments. *See Vento v. Dir. of V.I. Bureau of Internal Revenue*, 715 F.3d 455, 468 (3d Cir. 2013).

764 (3d Cir. 1994). Therefore, we affirm the District Court's judgment for Local 158 and Slick on Bliss-Miller's sex discrimination claim.

B

Bliss-Miller also claims the District Court erred in finding that she failed to establish a prima facie case of retaliation. The District Court held that Bliss-Miller failed to demonstrate a causal link between her complaints to Slick and her lack of job referrals. *Bliss-Miller*, 2021 WL 4459127, at *7.

We agree with the District Court's determination. Bliss-Miller provided no evidence that Local 158's or Slick's actions were motivated by anything other than a "travelers list" system and a lack of employment opportunities. And even if Bliss-Miller had established a prima facie case of retaliation, as discussed above, the District Court correctly found that there were legitimate nondiscriminatory reasons why Bliss-Miller did not receive referrals, and that there was no pretext. Finally, Bliss-Miller's claim under 42 U.S.C. § 1981 fails because no racial discrimination was argued. *See Georgia v. Rachel*, 384 U.S. 780, 791 (1966) (describing § 1981 as "intended to protect a limited category of rights, specifically defined in terms of racial equality").

For the reasons stated, we will affirm.